## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| MCZ DEVELOPMENT CORPORATION, | ) | |
| MCZ/CENTRUM ADAMS LLC, | ) | |
| BOARD OF MANAGERS OF NO. TEN LOFTS | ) | |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

American Safety Indemnity Company, by its attorneys, Asperger Associates LLC, hereby brings its Complaint against MCZ Development Corporation, MCZ/Centrum Adams LLC, Board of Managers of No. Ten Lofts Condominium Association:

## PARTIES

1.     Plaintiff American Safety Indemnity Company ("ASI") is an Oklahoma stock insurance company with its principal place of business in Atlanta, Georgia.

2.     MCZ Development Corporation ("MCZ Development") is an Illinois corporation.

3.     MCZ/CENTRUM ADAMS LLC ("MCZ Centrum") is an Illinois LLC.

4.     On information and belief, The Board of Managers of No. Ten Lofts Condominium Association ("The Condo Board") is an Illinois Not-for-Profit Association which owns, manages, and maintains the condominium building located at 1040 West Adams Street in Chicago, Illinois (the "Property").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because

the Plaintiff and the Defendants are citizens of different states and the amount in

controversy exceeds $75,000, excluding interest and costs.

6.     Venue is proper in this Court because all defendants are residents of the State of

Illinois and a substantial part of the events or omissions giving rise to this suit

occurred in Illinois.

## THE UNDERLYING COMPLAINT

7.     According to documents attached to the Underlying Complaint, from 2000 to 2006,

the Property was converted from a warehouse to a four story, 265 unit condominium

building. (Underlying Complaint attached hereto as Exhibit A, Appendix F, Pages 3-

4).

8.     MCZ/Centrum was the developer/seller of the units and MCZ Development Corp.

was the general contractor for the construction of the Property. (Exhibit A,

Underlying Complaint pars. 4-6).

9.     The condominiums were sold and the turnover to the No. Ten Lofts Condominium

Homeowner Association ("Association") took place on January 11, 2007. (Exhibit A,

Underlying Complaint par. 8)

10.    This suit arises out of a "transition study" whereby an expert was retained by the

Home Owner Association to investigate the condition of the property via a

homeowner survey (dated 03/28/07), A Transition Study, identified as a "Transition

Report" in the complaint, was prepared for the Association by Kellermeyer Godfryt

Hart, P.C. ("KGH") and is dated November 16, 2007. (Exhibit 1 to Underlying Complaint attached hereto as Exhibit A)

11. In order to conduct the study, KGH visited the property on various dates from May through July 2007. (Exhibit 1 to Underlying Complaint attached hereto as Exhibit A).

12. The Underlying Complaint does not identify specific defects, but refers to the Transition Study for details regarding the alleged construction defects to the property.

13. The Transition Study is 52 pages long and contains several lengthy attachments. The Transition Study references various construction defects to be addressed including the repair of concrete floors, foundation walls, cracks and the installation of a waterproof membrane in the garage. (Exhibit 1 to Underlying Complaint, attached hereto as Exhibit A)

14. On January 12, 2010, the Condo Board filed a Complaint in the Circuit Court of Cook County against MCZ Centrum and MCZ Development (collectively "the Developers"). (Underlying Complaint attached hereto as Exhibit A).

15. The Underlying Complaint alleges four counts: counts I and III against MCZ Centrum and MCZ Development respectively for breach of warranty of habitability based on construction deficiencies, Count II against MCZ Centrum for Breach of implied warranty of good workmanship based on construction deficiencies and Count IV against MCZ Centrum for breach of contract for constructing the Property with building code violations.

**THE POLICIES**

16.   ASI issued General Liability Insurance Policy No.   ESL 016401-07-01 for the

effective dates of May 16, 2007 to May 16, 2008.  ("2007 Policy") See a true and

correct copy of Policy No.  ESL 016401-07-01, attached hereto as Exhibit B.

17.   ASI issued General Liability Insurance Policy No.   ESL 016401-08-02 for the

effective dates of May 16, 2008 to May 16, 2009.  ("2008 Policy") See a true and

correct copy of Policy No.  ESL 016401-07-01, attached hereto as Exhibit C.

18.   ASI issued General Liability Insurance Policy No.   ESL 016401-09-03 for the

effective dates of May 16, 2009 to May 16, 2010.  ("2009 Policy") (2007 Policy,

2008 Policy and 2009 Policy referred to collectively as "The Policies")  See a true

and correct copy of Policy No.  ESL 016401-07-01, attached hereto as Exhibit D.

19.   ASI expressly reserves the right to later assert any policy defenses created by the

terms and conditions of the Policies to any claimed obligations on its part to owe

coverage to MCZ Centrum and MCZ Development for the Underlying Complaint.

**COUNT I (Occurrence)**

20.   ASI reasserts and realleges paragraphs 1-19 as if fully restated herein.

21.   Each Policy contains the following Provision:

SECTION I – COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay
   as damages because of "bodily injury" or "property damage" to which this
   insurance applies.  We will have the right and duty to defend the insured
   against any "suit" seeking those damages.  However, we will have no duty to
   defend the insured against any "suit" seeking damages for "bodily injury" or
   "property damage" to which this insurance does not apply…

           *               *               *               *

4

b. This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period. (Exhibits B, C, D at CG 00 01 07 98, Page 1 of 13)

22.     The Policies contain the following Definition:

17. "Property damage" means:
a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; (Exhibits B, C, D  at CG 00 01 07 98, Page 13 of 13).

23.     The 2007 Policy and the 2008 Policy each contain an Endorsement with the following

Definition:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions that happens during the terms of this insurance.

The same endorsement also provides:

> "Property damage", "bodily injury" or "personal and advertising injury" which commenced prior to the effective date of this insurance will be deemed to have happened prior to, and not during, the term of this insurance.

> There shall be no obligation of the Company to defend any "suit" against the insured or any Additional Insured if such "suit" does not allege an "occurrence" as defined in this Endorsement. (Exhibits B, C at ES 98 03 05 04, Page 1 of 1).

24.     The 2009 Policy contains the following definition:

> 13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. (Exhibit D at CG 00 01 07 98 Page 12, of 13).

25.     The Underlying Complaint asserts liability with regard to the construction and

development of the Property and the sale of condominiums to unit owners.

26. The Underlying Complaint asserts that "construction defects" were caused by the work of "subcontractors on behalf of MCZ CENTRUM and/or MCZ DEVELOPMENT." (Exhibit A, Underlying Complaint par. 13).

27. The Underlying Complaint does not allege that an "occurrence" or "accident" caused the "property damage" as it asserts the damages are the result of defective construction. Damages to a construction project resulting from construction defects is not an "accident" or "occurrence" because it results from improper construction.

28. The Underlying Complaint does not allege that the named insureds suffered "physical injury to property" during the policy period. The allegations are based upon the development and construction of the Property by MCZ Centrum and MCZ Development, which construction was completed prior to the inception of the ASI policies on May 16, 2007. "Property damage", if any, which commenced prior to the effective date of the ASI policies is deemed to have happened prior to, and not during, the term of the ASI policy.

WHEREFORE, Plaintiff American Safety Indemnity Company respectfully requests that this Honorable Court enter an order granting Declaratory Judgment in its favor and against Defendants MCZ Development Corporation, MCZ/Centrum Adams, LLC, Board of Managers of No. 10 Lofts Condominium Association, finding that:

a) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago,

Illinois;

b)     That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims for breach of warranty of habitability asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

c)     That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of implied warranty of good workmanship asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

d)     That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03  do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of contract asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

e)     That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago,

Illinois, as the Underlying Complaint does not assert property damage caused by an occurrence pursuant to the Policies;

f)     That American Safety Indemnity Company does not have a duty to defend the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

g)     That American Safety Indemnity Company does not have a duty to indemnify MCZ Development Corporation or MCZ/Centrum Adams regarding the claims alleged in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

h)     That American Safety Indemnity Company is entitled to reasonable attorneys fees, costs and any other relief the Court deems just and proper.


## COUNT II (Prior Occurrence or Pre-Existing Damage)

29.     ASI reasserts and realleges paragraphs 1-19 as if fully restated herein.

30.     The 2007 Policy and the 2008 Policy contain an exclusion on form ES 98 08 02 05 which states:

This insurance does not apply to:

1.     Any "occurrence", incident or "suit" whether known or unknown to any Insured:
   a.     which first occurred prior to the inception date of this policy or the retroactive date of this policy, if any; or
   b.     which is, or is alleged to be, in the process of occurring as of the inception date of this policy or the retroactive date of this policy, if any, even if the "occurrence" continues during this policy period.

2.     Any damages arising out of or relating to "bodily injury", "property damage" or "personal and advertising injury" which are known to any officer of the Named Insured, which are in the process of settlement, adjustment or "suit" as of the inception date of this policy, or the retroactive date of this policy, if any.

We shall have no duty to defend any insured or Additional Insured against any loss, "occurrence", incident or "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage" or "personal and advertising injury" to which this Endorsement applies.

All other terms, conditions and exclusions under the policy are applicable to this Endorsement and remain unchanged. (Exhibits B, C at ES 98 08 02 05).

31.     The 2009 Policy contains the following exclusion known as form ES 98 08 03 08:

PRIOR OCCURRRENCE AND PRE-EXISTING DAMAGE EXCLUSION

This Endorsement shall not serve to increase our limits of insurance, as described in the LIMITS OF INSURANCE section of the policy.

The following exclusion shall be added to the policy and shall apply to any and all Sections and coverage parts of the policy.

It is agreed that this insurance does not apply to:

1. Any "occurrence" or incident, claim or "suit" whether known or unknown to any Named Insured:

   a.  which first occurred prior to the inception date of this policy or the retroactive date of this policy, if any; or

   b.  which is, or is alleged to be, occurring or in the process of occurring as of the inception date of this policy or the retroactive date of this policy, if any, even if the "occurrence" continues during this policy period.

2. Any damages arising out of or relating to "bodily injury", "property damage" or "personal and advertising injury" which are known to any insured, or which first manifest, prior to the inception date of this policy or the retroactive date of this policy, if any, even if further damages continue during this policy period.

3. Any "suit", civil or legal proceeding or claim including a right to repair notice or similar statutory demand, which is in the process of settlement, adjustment, or initially filed or presented, prior to the inception date of this policy, or the retroactive date of this policy, if any.

We shall have no duty to defend any insured or Additional Insured and this insurance shall not apply to any "occurrence", damages, "suit" or claim or other proceeding to which this Endorsement applies.

All other terms, conditions and exclusions under the policy are applicable to this Endorsement and remain unchanged. (Exhibit D, ES 98 08 03 08).

32.    The construction of the Property was completed in 2006, before the inception dates of the Policies. The Underlying Complaint asserts damages based upon an occurrence which occurred prior to the inception date of the Policies or which was occurring or in the process of occurring as of the inception date of the policy.

33.    The Underlying Complaint asserts property damage which was known to the insured or which first manifested prior to the inception date of the Policies.

WHEREFORE, Plaintiff American Safety Indemnity Company respectfully requests that this Honorable Court enter an order granting Declaratory Judgment in its favor and against Defendants MCZ Development Corporation, MCZ/Centrum Adams, LLC, Board of Managers of No. 10 Lofts Condominium Association, finding that:

a)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

b)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims for breach of warranty of habitability asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

c)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC

with coverage for the claims for breach of implied warranty of good workmanship asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

d) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of contract asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

e) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois, as the Underlying Complaint asserts a prior occurrence and/or pre-existing damages;

f) That American Safety Indemnity Company does not have a duty to defend the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

g) That American Safety Indemnity Company does not have a duty to indemnify MCZ Development Corporation or MCZ/Centrum Adams regarding the claims alleged in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

h) That American Safety Indemnity Company is entitled to reasonable attorneys fees, costs and any other relief the Court deems just and proper.

## COUNT III (Sold Property)

34. ASI reasserts and realleges paragraphs 1-19 as if fully restated herein.

35. The Polices contain the following Exclusion:

    2. Exclusions

        This insurance does not apply to:

        \*         \*         \*         \*
        j. Damage To Property

        "Property damage" to:
        \*         \*         \*         \*
        (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises; (Exhibits B, C, D at CG 00 01 07 98, Page 4 of 13)

36. The Underlying Complaint alleges that MCZ Development Corporation and MCZ/Centrum Adams, LLC sold the property to the current unit owners and that the unit owners presently own the units in the building. (Exhibit A, Underlying Complaint Count I par. 16, Count III, par. 16).

WHEREFORE, Plaintiff American Safety Indemnity Company respectfully requests that this Honorable Court enter an order granting Declaratory Judgment in its favor and against Defendants MCZ Development Corporation, MCZ/Centrum Adams, LLC, Board of Managers of No. 10 Lofts Condominium Association, finding that:

a) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or

MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

b) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims for breach of warranty of habitability asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

c) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of implied warranty of good workmanship asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

d) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of contract asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

e) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois, as the Underlying Complaint

relates to property sold by the Developer;

f) That American Safety Indemnity Company does not have a duty to defend the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

g) That American Safety Indemnity Company does not have a duty to indemnify MCZ Development Corporation or MCZ/Centrum Adams regarding the claims alleged in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

h) That American Safety Indemnity Company is entitled to reasonable attorneys fees, costs and any other relief the Court deems just and proper.

## COUNT IV (Contractor Work)

37.     ASI reasserts and realleges paragraphs 1-19 as if fully restated herein.

38.     The Policies contain the following Exclusion:

> 2. Exclusions
>
> This insurance does not apply to:
>
> *               *               *               *
> j. Damage To Property
>
> *               *               *               *
> "Property damage" to:
> *               *               *               *
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. (Exhibits B, C, D at CG 00 01 07 98 Page 4 of 13)

39.    The Policies contain the following Definition:

      21.   "Your work" means:
          a. Work or operations performed by you or on your behalf; and
          b. Materials, parts or equipment furnished in connection with such work or operations.

      "Your work includes:
          a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" (Exhibits B, C, D at CG 00 01 07 98 Page 13 of 13)

40.    The allegations of the Underlying Complaint are based upon work performed by MCZ Development and MCZ Centrum or subcontractors working directly or on behalf of the MCZ Development and MCZ Centrum.

41.    The allegations of the Underlying Complaint are based on allegations that property must be restored, repaired or replaced because the work of MCZ Development and MCZ Centrum was incorrectly performed.

WHEREFORE, Plaintiff American Safety Indemnity Company respectfully requests that this Honorable Court enter an order granting Declaratory Judgment in its favor and against Defendants MCZ Development Corporation, MCZ/Centrum Adams, LLC, Board of Managers of No. 10 Lofts Condominium Association, finding that:

a)   That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

b)   That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL

016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims for breach of warranty of habitability asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

c) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of implied warranty of good workmanship asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

d) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of contract asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

e) That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462 as the Underlying Complaint asserts liability arising from work performed by Developers, contractors or subcontractors working directly or on behalf of the Developers;

f) That American Safety Indemnity Company does not have a duty to defend the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

g) That American Safety Indemnity Company does not have a duty to indemnify MCZ Development Corporation or MCZ/Centrum Adams regarding the claims alleged in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

h) That American Safety Indemnity Company is entitled to reasonable attorneys fees, costs and any other relief the Court deems just and proper.

## COUNT IV (Subcontractor and Other Insurance)

42. ASI reasserts and realleges paragraphs 1-19 as if fully restated herein.

43. The Policies contain the following "Subcontractor's Liability Insurance" Endorsement:

### SUBCONTRACTOR'S LIABILITY INSURANCE ENDORSEMENT

The Insured shall require all subcontractors to maintain Commercial General Liability insurance coverage, (underwritten by an insurance company with at least an "A" Best rating), with minimum Limits of $1,000,000 per occurrence, $2,000,000 General Aggregate, $1,000,000 Products-Completed Operations Aggregate. The Insured shall also be an Additional Insured on the subcontractor's policy for damages because of "bodily injury", "property damage," "personal injury," or "advertising injury" arising out of or caused by the work, activities, or operations of the subcontractor, including the Insured's supervision, review, or inspection of the subcontractor. Furthermore, the Insured shall obtain all necessary documentation to ensure that such coverage has been obtained by all subcontractors. If a subcontractor has not obtained the insurance set forth above, the Insured will be surcharged by the Company for additional premium for the coverage relating to the subcontractor's work, activities, or operations. A rate of [$7.40 for 2007 Policy, $5.89 for 2008 Policy, $5.00 for 2009 Policy] will apply per $1,000 of the cost related to the uninsured or underinsured work, activities, or operations. A $25,000.00 Self Insured Retention or Deductible will apply to claims relating to uninsured or under insured subcontractor's work, activities, or operations.

Commercial General Liability coverage maintained by subcontractors shall be primary and this policy shall be excess of the Limits of Liability of such insurance, notwithstanding the language of the Other Insurance provisions in the subcontractor's policy. (Exhibits B, C at Endorsements ES 98 99 05 04, Exhibit D at ES 98 99 03 08)

44.     The Policies contain the following "Other Insurance" clauses:

> 2007 Policy and 2008 Policy
>
> b. This insurance is excess over any other insurance that is valid and collectible insurance available to the insured or any Additional Insured whether such insurance is primary, excess, contingent or on any other basis and regardless of the nature, type, date of issuance or limits of such other insurance available to the insured or any Additional Insured. Our obligation under this policy shall not arise until the limits of such other insurance are exhausted.
>
> c. As a condition precedent to our obligations to provide or continue to provide indemnity, coverage or defense hereunder, each insured, upon receipt of notice of any "suit", incident or "occurrence" that may give rise to a "suit", shall first demand indemnity, coverage and defense from each other insurer that may provide indemnity, coverage or defense to it. The insured waives any right it may have to insist that we provide indemnity, coverage or defense when any other insurer may also provide indemnity, coverage or defense to the insured. The insured waives any rights it may have to a targeted tender or any other right to select us as the insurer to provide indemnity, coverage or defense. (Exhibits B, C at Endorsement ES 98 06 05 04)
>
> 2009 Policy
>
> This insurance is excess over:
>
> (2)     Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement. (Exhibit D at CG 00 01 07 98 Page 9 of 13)

45.     The allegations of the Underlying Complaint are based upon work performed by subcontractors working directly or on behalf of MCZ Development and MCZ Centrum.

46.     MCZ Development and MCZ Centrum were required to be named as an Additional Insured on the subcontractor's policy or pay further premiums to ASI.

47.    The ASI Policies are excess to any insurance maintained by subcontractors.

a)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

b)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or MCZ/Centrum Adams, LLC with coverage for the claims for breach of warranty of habitability asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

c)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of implied warranty of good workmanship asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

d)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03  do not provide MCZ/Centrum Adams, LLC with coverage for the claims for breach of contract asserted in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association and relating to 1040 West Adams Street, Chicago, Illinois;

e)    That American Safety Indemnity Company Policy Nos. ESL 016401-07-01, ESL 016401-08-02, ESL 016401-09-03 do not provide MCZ Development Corporation or

MCZ/Centrum Adams, LLC with coverage for the claims asserted by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462 as American Safety Indemnity Company Policies are excess to any subcontractor policies;

f)  That American Safety Indemnity Company does not have a duty to defend the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

g)  That American Safety Indemnity Company does not have a duty to indemnify MCZ Development Corporation or MCZ/Centrum Adams regarding the claims alleged in the lawsuit filed by the Board of Managers of No. 10 Lofts Condominium Association, Case No. 10 L 000462;

h)  That American Safety Indemnity Company is entitled to reasonable attorneys fees, costs and any other relief the Court deems just and proper.

Respectfully submitted,

Dated this 28th day of
September 2010

AMERICAN SAFETY
INDEMNITY COMPANY

One of Plaintiff's Attorneys

Jeffrey J. Asperger
Daile McCann
Asperger Associates LLC
150 N. Michigan Ave., Suite 420
Chicago, Illinois 60601
312.856.9901
312.856.9905 (fax)