IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN SAFETY INDEMNITY )
COMPANY, )
)
        Plaintiff, )
)
  v. ) No. 10 C 6211
)
MCZ DEVELOPMENT CORPORATION, )
et al., )
)
        Defendants. )

<u>MEMORANDUM ORDER</u>

American Safety Indemnity Company ("American Safety") has filed a Complaint for Declaratory Judgment against MCZ Development Corporation ("MCZ Development"), MCZ/Centrum Adams LLC ("MCZ Centrum") and the Board of Managers of No. Ten Lofts Condominium Association ("Condo Board"), seeking to invoke federal subject matter jurisdiction under 28 U.S.C. §1332(a)(1).[1] Because American Safety's counsel have failed to establish such jurisdiction in several fundamental respects, this Court dismisses this action sua sponte.

About a quarter century has elapsed since our Court of Appeals stated the duties of federal judges in that respect in <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do
> when a complaint is filed is check to see

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

>     that federal jurisdiction is properly
>     alleged.

And more recently <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)(internal citations and quotation marks omitted) has mandated issuance of sua sponte rulings of the type essayed here:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

On that score Complaint ¶2 fails to allege both facets of MCZ Development's corporate citizenship under Section 1332(c)(1), and that is equally true as to Condo Board (see Complaint ¶4).[2] And although Complaint ¶5 alleges the requisite amount in controversy in conclusory terms, some elaboration is required as to the claims at issue in the Complaint (perhaps by particular reference to the underlying litigation or whatever American Safety relies on for that purpose).

Most importantly, however, all that Complaint ¶3 says about MCZ Centrum is that it "is an Illinois LLC." Where as here a limited liability company is also in the mix, once again the states of citizenship of <u>all</u> of its members are relevant for jurisdictional purposes and hence must be alleged--a principle

---

[2] This Court is taking American Safety's word for it that the proper defendant is the condominium association itself, rather than perhaps the members of its Board of Managers. If the latter is the case, of course the respective states of citizenship of all of those members would be the relevant jurisdictional facts.

announced in a host of cases such as <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006):

> The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

Indeed, American Safety's counsel have ignored the repeated teaching from our Court of Appeals in a whole string of cases beginning with <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and including <u>Wise</u>--teaching also echoed many times over by this Court and its colleagues. For some years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation under <u>Wernsing</u>. But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only the Complaint but this action are dismissed without prejudice because of the several flaws in the Complaint's jurisdictional allegations. That said, however, this Court has no desire to force American Safety's counsel to reinvent the wheel by another bulky filing <u>if</u> those defects can be cured promptly. Hence this Court would be prepared in that event to entertain a timely Fed. R. Civ. P. 59(e) motion to

3

vacate the order of dismissal, but only if American Safety pays as a fine the same $350 amount that would have been required as a filing fee if a new lawsuit were to be filed with a proper invocation of federal jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 29, 2010