IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN SAFETY INDEMNITY       )
COMPANY,                        )
                                )
            Plaintiff,          )
                                )
      v.                        )      No.  10 C 6211
                                )
MCZ DEVELOPMENT CORPORATION,    )
et al.,                         )
                                )
            Defendants.         )

MEMORANDUM ORDER

Because of some fundamental flaws in the proposed invocation
of diversity-of-citizenship jurisdiction as set out in the
Complaint for Declaratory Judgment brought by American Safety
Indemnity Company ("American Safety"), this Court issued a brief
September 29, 2010 memorandum order ("Order") that dismissed this
action for lack of subject matter jurisdiction.  At the same time
the Order identified the flaws in the Complaint for the benefit
of American Safety's counsel and essentially invited that counsel
undertake a new effort within the Fed. R. Civ. P. ("Rule") 59(e)
time limit if the defects were curable.

American Safety's counsel has responded by noticing up for
presentment on November 16 a motion to vacate the dismissal and
to obtain leave to file a proposed First Amended Complaint.
Because that submission reflects a continued misunderstanding of
one of the basic principles in this area, this Court hastens to
focus counsel's attention on that still-present defect before the

presentment date.

Unlike Gaul, which Julius Caesar famously said was "divided into three parts" (De Bello Gallico), when it comes to identifying citizenship for purposes of federal diversity there are just two mutually exclusive categories: (1) conventional corporations (as to which 28 U.S.C. §1332(c)(1) specifies dual citizenship) and (2) all other parties (see, e.g., among the many opinions from our Court of Appeals that teach that lesson, Ind. Gas Co. v. Home Ins. Co., 141 F.3d 314, 316 (7th Cir. 1998) and the per curiam opinion in Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002)). Even though Order at 2 n.2 alerted American Safety's counsel to a possible problem in that respect as to the defendant the Complaint refers to as "Board of Managers of No. Ten Lofts Condominium Association," the significance of that principle has escaped counsel.

In that respect counsel's Mem. 2 in support of the proposed motion says this:

> The Board of Managers is the appropriate party, as
> opposed to the individual members, as it has standing
> and capacity to act in a representative capacity on
> behalf of the unit owners in relation to matters
> involving the common elements. 765 ILCS 605/9.1. The
> Board of Managers is also the plaintiff in the
> Underlying Complaint. (Underlying Complaint attached
> hereto as Exhibit B).

But a moment's thought should have led counsel to realize that standing and capacity to sue or be sued under state law do not provide the answer--remember, for example, that partnerships may

2

have the right under state law to sue and be sued in their partnership names, yet the citizenship of each partner is what is relevant for federal diversity purposes (see, e.g., <u>Smart v. Local 702 Int'l Bhd. of Elec. Workers</u>, 562 F.3d 798, 803 (7th Cir. 2009)). And of course, as Order at 2-3 stressed, the same is true for example as to limited liability companies.

Despite the fundamental misunderstanding reflecting in the current submission, this Court will give counsel one more chance. If the error identified here is cured before the November 16 presentment date, this Court will consider the motion--but if not, the motion will be denied because of American Safety's continued failure to carry the burden of demonstrating subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 1, 2010